IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DIANNE DORMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  4:19-cv-00592-P |
| | § | |
| PHH MORTGAGE | § | |
| CORPORATION AND DEUTSCHE | § | |
| BANK NATIONAL TRUST | § | |
| COMPANY, AS TRUSTEE FOR | § | |
| SECURITIZED ASSET BACKED | § | |
| RECEIVABLES LLC TRUST 2007- | § | |
| NC1, MORTGAGE PASS- | § | |
| THROUGH CERTIFICATES, | § | |
| SERIES 2007-NC1 AND | § | |
| DEUTSCHE BANK SECURITIES | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Dianne Dorman's ("Plaintiff") Motion to Remand (ECF No. 47) and Defendants PHH Mortgage Corporation ("PHH")[1] and Deutsche Bank National Trust Company, solely in its capacity as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-NC1, Mortgage Pass-Through Certificates, Series 2007-NC1's ("Deutsche Bank," and together with PHH, "Defendants") Response (ECF No. 52). Having considered the motion, related briefing, and applicable law, the Court finds that Plaintiff's Motion to Remand (ECF No. 47) should be and hereby is **DENIED.**

---

[1] PHH is successor by merger to Ocwen Loan Servicing, LLC.  Not. of Removal, p. 1, ECF No. 1.

## BACKGROUND

Plaintiff initiated the instant matter on June 27, 2019 by filing her Original Petition and Request for Disclosures against Ocwen Loan Servicing, LLC as servicing agent for Deutsche Bank in the 348th District Court of Tarrant County, Texas, Cause No. 348-308860-19.  ECF No. 1-2.  Plaintiff asserts claims for breach of contract, violation of the Texas Debt Collection Practices Act, "suit to remove cloud and quiet title," declaratory judgment, and a permanent injunction barring, among other things, foreclosure of the real property located at 100 Ascot Dr., Southlake, Texas 76092 (the "Property").  *Id.*

PHH timely filed its notice of removal pursuant to 28 U.S.C. § 1446(b).[2]  *Id.*  Following removal, Plaintiff filed her First Amended Complaint against Defendants on October 23, 2019 (ECF No. 20) and her Second Amended Complaint against Defendants on March 27, 2020 (ECF No. 40).  Plaintiff filed her Motion to Remand this action to state court on April 28, 2020 and Defendants filed their Response on May 19, 2020.  Plaintiff opted not to file a reply brief.  Plaintiff's Motion to Remand is now fully briefed and ripe for review.

## LEGAL STANDARDS

District courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and complete diversity exists between the parties.  28 U.S.C. § 1332(a).  Accordingly, a civil action filed in state court may be removed to the district

---

[2] After removal, this action was inadvertently assigned to the Dallas Division of the United States District Court for the Northern District of Texas.  Mot. to Transfer, p. 1, ECF No. 5.  For the convenience of the parties, Magistrate Judge Renee Harris Toliver ordered that this case be transferred to the Fort Worth Division of the United States District Court for the Northern District of Texas on July 31, 2019.  ECF No. 8.  On October 13, 2019, Senior Judge Terry R. Means reassigned this case to the undersigned for all further proceedings.  ECF No. 16.

court if the matter in controversy exceeds $75,000.00 and complete diversity exists between the parties, provided that no defendant is a resident of the forum state. *See id.*; *see also id.* § 1441(a)–(b).

A removing defendant has the burden of establishing that removal was proper. *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009). Parties may raise objections to removal that are based on the district court's lack of subject matter jurisdiction at any time. 28 U.S.C. § 1447(c). Given that removal raises significant federalism concerns, any doubts about the propriety of removal are resolved in favor of remand. *Gutierrez v. Florez*, 543 F.3d 248, 251 (5th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## ANALYSIS

Plaintiff argues that this case should be remanded to the 348th Judicial District Court of Tarrant County, Texas because Defendants have failed to establish complete diversity among the active parties to this lawsuit. Mot. to Remand, p. 5, ECF No. 47. Specifically, Plaintiff argues that Securitized Asset Backed Receivables LLC Trust 2007-NC-1, Mortgage Pass-Through Certificates, Series 2007-NC1 (the "2007-NC1 Trust") is a real and substantial party necessary to this lawsuit, and that Defendants failed to carry their burden of establishing the citizenship of the 2007-NC1 Trust *vis-à-vis* the citizenship of each of the 2007-NC1 Trust's certificateholders. *Id*. at 5, 16. Plaintiff relies primarily on *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016) to support her position. In *Americold*, the Supreme Court considered whether the trustee's or the trust's

shareholders' citizenship matters in determining diversity jurisdiction for a real estate investment trust organized under Maryland law. *Americold*, 136 S.Ct. at 1015–17. The Supreme Court explained corporations and unincorporated entities are treated differently for jurisdictional purposes. *Id*. As reflected in 28 U.S.C. § 1332(c), a corporation should be considered a citizen of its state of incorporation or the state where it has its principal place of business. *Id*. For unincorporated entities, however, such as the Maryland "real estate investment trust" at issue in *Americold*, the Supreme Court "adhere[s] to [the] oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all [its] members.'" *Id*. at 1015.

Defendants counter that *Americold* is not controlling, urging instead that *Navarro Savings Ass'n v. Lee*, 446 U.S. 458 (1980) as applied by the Fifth Circuit's decision *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351 (5th Cir. 2017) should govern the Court's analysis in the present case. Defs.' Resp., p. 7, ECF No. 52. Relying on *Navarro*, Defendants argue that "Deutsche Bank[, as trustee,] is the real party to the controversy because Plaintiff sued Deutsche Bank in its own name and Deutsche Bank has sufficiently real and substantial control over the Trust's assets." *Id*.

The Court agrees with Defendants. "The crux of the issue . . . is whether *Navarro* controls (i.e., we should look at only the trustee's citizenship) or whether *Americold* controls (i.e., we should look at the citizenships of all of the trust's shareholders)." *Bynane*, 866 F.3d at 357. In *Americold*, the trust was the named party in the lawsuit, whereas in *Navarro* and the present case, the trustees were sued in their own name. *Compare Americold*, 136 S. Ct. at 1014, *with Navarro*, 446 U.S. at 459. As the Fifth Circuit

explained in *Bynane*, the rules expressed in *Navarro* and *Americold* "coexist," and "the *Navarro* rule still controls when the trustee sues or is sued in its own name." *Bynane*, 866 F.3d at 357.  Indeed, "*Americold* reiterated [the Supreme Court's] prior holding in *Navarro* . . . that when a trustee files a lawsuit in her name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person." *Id*. (quoting *Justice v. Wells Fargo Bank Nat'l Ass'n*, 674 F. App'x 330, 332 (5th Cir. 2016), as revised (Mar. 22, 2017) (quotations omitted)).

The Court notes that the Fifth Circuit has expressly rejected the line of cases Plaintiff relies upon to argue that "a district court must examine the substance of the complaint to see if the allegations show that the trust is the real party to the controversy, and if it is, the district court must then wade into the thicket of determining whether the trust is a business trust or a traditional trust." *Bynane*, 866 F.3d at 358 (rejecting *Guillen v. Countrywide Home Loans, Inc.*, 2016 WL 7103908, at *4 (S.D. Tex. Dec. 6, 2016)); *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 940 (5th Cir. 2018) ("Because SGK and Katz sued the U.S. Bank in its capacity as trustee, their reliance on *Americold* is unavailing.  Further, this court has previously held that the *Navarro* rule still controls when the trustee is a national banking association.").  The Fifth Circuit characterized *Guillen's* faulty analysis as being "contrary to the straightforward application of *Navarro* and *Americold*."[3]  *Bynane*, 866 F.3d at 358.

---

[3] Like *Guillen*, the other district court cases relied upon by Plaintiff are distinguishable and decided prior to *Bynane*.  See *Wells Fargo Bank N.A. v. Transcontinental Realty Investors, Inc.*, 2016 U.S. Dist. LEXIS 86139, at *9–10 (N.D. Tex. July 1, 2016); *Juarez v. DHI Mortg. Co., Ltd.*, 2016 U.S. Dist. LEXIS 93571, at *7–12 (S.D. Tex. July 19, 2016); *Pechua, Inc. v. Am.'s Wholesale*

5

Applying the appropriate analytical framework to this case, Defendants are correct that Deutsche Bank's citizenship determines diversity jurisdiction. There is no dispute that Plaintiff sued Deutsche Bank in its capacity as trustee. Mot. to Remand, pp. 14–15; Defs.' Resp., p. 7. "Thus, *Navarro* controls, and the only remaining question is whether [Deutsche Bank] possesses the sort of 'real and substantial' control over the [2007-NC1 Trust's] assets discussed in *Navarro*." *Bynane*, 866 F.3d at 357. According to *Navarro*, trustees possess real and substantial control over the assets of a trust when they "possess[] certain customary powers to hold, manage, and dispose of assets for the benefit of others," including the authority "to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees." *Navarro*, 446 U.S. at 464. Under the provisions of the Pooling and Servicing Agreement dated January 1, 2007 for the 2007-NC1 Trust (the "PSA"), Deutsche Bank accepted "all right, title and interest of the Depositor in and to the Trust Fund," including the mortgage note and various loan documents "for the benefit of the Certificateholders." Defs.' Resp., Ex. 1, pp. 59–60, 67. Contrary to Plaintiff's conclusory assertions that the certificateholders "play critical roles" in the administration of trust assets, the PSA specifically limits certificateholders' right to control the operation and management of the 2007-NC1 Trust. *Id.* at 139. Accordingly, Deutsche Bank "possesses the sort of 'real and substantial' control over the [2007-NC1 Trust's] assets discussed in *Navarro*," which means it is the real party to the controversy and its citizenship determines diversity jurisdiction.

---

*Lender*, 2017 U.S. Dist. LEXIS 47486, at *3 (S.D. Tex. Mar. 30, 2017); *Swoboda v. Ocwen Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 172201, at *10 (S.D. Tex. Sept. 19, 2016).

It is undisputed that Deutsche Bank is a citizen of California for the purposes of diversity jurisdiction. As such, there is complete diversity of citizenship between Plaintiff and Defendants. Defendants have therefore satisfied their burden of establishing that removal was proper, and Plaintiff's Motion to Remand should be **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Motion to Remand (ECF No. 47), should be and hereby is **DENIED**.

**SO ORDERED** on this **19th day** of **August, 2020**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE