**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DIANNE DORMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PHH MORTGAGE CORPORATION** | § | |
| **AND DEUTSCHE BANK NATIONAL** | § | **CASE NO. 4:19-cv-00592-Y** |
| **TRUST COMPANY, AS TRUSTEE FOR** | § | |
| **SECURITIZED ASSET BACKED** | § | |
| **RECEIVABLES LLC TRUST 2007-NC1,** | § | |
| **MORTGAGE PASS-THROUGH** | § | |
| **CERTIFICATES, SERIES 2007-NC1,** | § | |
| **AND DEUTSCHE BANK SECURITIES** | § | |
| **INC.,** | § | |
| **Defendants.** | § | |

**DEFENDANTS' ANSWER TO SECOND AMENDED PETITION
AND COUNTERCLAIM**

Defendants PHH Mortgage Corporation ("PHH MC") and Deutsche Bank National Trust Company, solely in its capacity as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-NC1, Mortgage Pass-Through Certificates, Series 2007-NC1 ("Deutsche Bank" or the "Trustee") (together, "Defendants") file this Answer to Plaintiff's Second Amended Complaint, (Doc. No. 40) and Counterclaim against Plaintiff Dianne Dorman ("Dorman" or "Plaintiff").

### I. ANSWER TO SECOND AMENDED COMPLAINT

#### SUMMARY

1.    In response to paragraph number 1, Defendants admit seeking to foreclose but deny the remaining allegations and deny Plaintiff is entitled to the relief requested.

**PARTIES**

2.    In response to paragraph number 2, based upon information and belief, Defendants admit the allegations.

3.    In response to paragraph number 3, Defendants admit that PHH MC has appeared through counsel.

4.    In response to paragraph number 4, Defendants admit the allegations for purposes of this litigation only.

5.    In response to paragraph number 5, Defendants admit the allegations for purposes of this litigation only.

**FACTUAL BACKGROUND**

6.    In response to paragraph number 6, Defendants admit that Plaintiff holds title to the property located at 100 Ascot Drive, Southlake, Texas 76092 ("Property"), subject to the liens at issue in this case.

7.    In response to paragraph number 7, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the Property is Plaintiff's homestead.

8.    In response to paragraph number 8, Defendants admit that Plaintiff refinanced the Property by obtaining a home equity loan from New Century Mortgage Corporation (the "Loan"). Defendants also admit that the document attached to the Second Amended Complaint as Exhibit 1 purports to be a Texas Home Equity Security Instrument (the "Security Instrument"), which was acknowledged by Plaintiff on September 8, 2006. The document speaks for itself, and Defendants deny the allegations regarding the contents of the document to the extent they are inconsistent with the document. Defendants deny any remaining allegations.

9.    In response to paragraph number 9, Defendants deny that property taxes for tax

year 2010 were paid in 2014. Defendants admit that Tarrant County Tax Office records reflect that payments for tax years 2011, 2012, and 2013 were made in 2014. Any missed property-tax payments were the direct result of Plaintiff's repeated failures to make her loan payments and fulfill her obligations relating to the loan's escrow account. Defendants deny any remaining allegations.

10.    In response to paragraph number 10, Defendants deny that the Trustee has ever serviced the Loan. Defendants admit that Mortgage Electronic Registration Systems, Inc. assigned its interest in the Loan to Deutsche Bank on September 29, 2015, and that Ocwen Loan Servicing, LLC, predecessor of PHH MC, began servicing the Loan. Defendants also admit that the document attached to the Second Amended Complaint as Exhibit 2 purports to be a Corporate Assignment of Deed of Trust. The document speaks for itself, and Defendants deny the allegations regarding the contents or import of the document to the extent they are inconsistent with the document or involve conclusions of law. Defendants deny any remaining allegations.

11.    In response to paragraph number 11, Defendants admit that Plaintiff filed a Voluntary Petition for Individuals Filing for Bankruptcy in the United States Bankruptcy Court for the Northern District of Texas on January 4, 2016 ("Bankruptcy Proceeding"), and that the Bankruptcy Proceeding was dismissed without prejudice on July 11, 2017 according to Exhibit 8 attached to the Second Amended Complaint. The document speaks for itself, and Defendants deny any remaining allegations.

12.    In response to paragraph number 12, Defendants admit that Plaintiff filed a Complaint for Declaratory Relief in the Bankruptcy Proceeding regarding the amount of pre-petition arrearages claimed by PHH MC's predecessor. Defendants also admit that the document attached to the Second Amended Complaint as Exhibit 3 purports to be a Complaint for

Declaratory Relief. The document speaks for itself, and Defendants deny the allegations regarding the contents or import of the document to the extent they are inconsistent with the document or involve conclusions of law. Defendants deny any remaining allegations.

13.    In response to paragraph number 13, Defendants deny that Deutsche Bank conceded Plaintiff's pre-petition arrearages were $85,000.00. Defendants admit that the document attached to the Second Amended Complaint as Exhibit 4 purports to be a Notice of Agreed Resolution of Objection to Confirmation filed on August 4, 2016 in the Bankruptcy Proceeding. The document speaks for itself, and Defendants deny the allegations regarding the contents or import of the document to the extent they are inconsistent with the document or involve conclusions of law. Defendants deny the Notice is binding upon Defendants and deny any remaining allegations.

14.    In response to paragraph number 14, Defendants admit that the document attached to the Second Amended Complaint as Exhibit 5 purports to be a Motion to Dismiss Adversary Proceeding filed by Plaintiff in the Bankruptcy Proceeding on August 8, 2016. The document speaks for itself, and Defendants deny the allegations regarding the contents or import of the document to the extent they are inconsistent with the document or involve conclusions of law. Defendants deny any remaining allegations.

15.    In response to paragraph number 15, Defendants admit that the document attached to the Second Amended Complaint as Exhibit 6 purports to be a Trustee's Modification of Chapter 13 Plan After Confirmation dated May 4, 2017. The document speaks for itself, and Defendants deny the allegations regarding the contents or import of the document to the extent they are inconsistent with the document or involve conclusions of law. Defendants deny any remaining allegations.

16.     In response to paragraph number 16, Defendants admit that the document attached to the Second Amended Complaint as Exhibit 7 purports to be an Order Approving Modified Plan. The document speaks for itself, and Defendants deny the allegations regarding the contents or import of the document to the extent they are inconsistent with the document or involve conclusions of law. Defendants deny any remaining allegations.

17.     In response to paragraph number 17, Defendants admit that the document attached to the Second Amended Complaint as Exhibit 8 purports to be an Order Dismissing Case Without Prejudice dated July 11, 2017. The document speaks for itself, and Defendants deny the allegations regarding the contents or import of the document to the extent they are inconsistent with the document or involve conclusions of law. Defendants deny any remaining allegations.

18.     In response to paragraph number 18, Defendants deny the allegations.

CAUSES OF ACTION

A. Suit to Remove Cloud and Quiet Title

19.     In response to paragraph number 19, Defendants deny these allegations to the extent that they are inconsistent with controlling Texas law or otherwise involve a legal conclusion, and Defendants deny any remaining allegations.

20.     In response to paragraph number 20, Defendants admit that Plaintiff holds title to the Property subject to the liens at issue in this case. Defendants deny any remaining allegations.

21.     In response to paragraph number 21, Defendants deny that they have clouded Plaintiff's title by claiming they have a lien on the Property and the power to foreclose on the Property. Defendants deny any remaining allegations.

22.     In response to paragraph number 22, Defendants deny that the Note and Security Instrument are void. Defendants deny that they have violated the Texas Constitution and deny that

Defendants' claim improperly interferes with Plaintiff's title. Defendants deny any remaining allegations.

23.      In response to paragraph number 23, Defendants deny these allegations to the extent that they are inconsistent with Texas law or otherwise involve a legal conclusion. Defendants also deny that Defendants violated the Texas Constitution, Article XVI, Section 50(a)(6). Defendants deny the remaining allegations.

### B. Declaratory Judgment

24.      In response to paragraph number 24, Defendants deny these allegations to the extent that they are inconsistent with controlling Texas law or otherwise involve a legal conclusion. Defendants deny that the Note and Security Instrument are void. Defendants deny any remaining allegations.

25.      In response to paragraph number 25, Defendants deny Plaintiff is entitled the requested relief. Defendants deny any remaining allegations.

26.      In response to paragraph number 26, Defendants deny Plaintiff is entitled the requested relief. Defendants deny any remaining allegations.

27.      In response to paragraph number 27, no response is necessary.

28.      In response to paragraph number 28, Defendants deny that the Note and Security Instrument are invalid, deny that Defendants violated the Texas Constitution, Article XVI, Section 50(a)(6), and deny that there are any constitutional violations associated with Plaintiff's Loan. Defendants deny Plaintiff is entitled to the requested relief. Defendants deny any remaining allegations.

### C. Negligent Accounting

29.      In response to paragraph number 29, no response is necessary.

30.    In response to paragraph number 30, Defendants deny that they are liable to Plaintiff for negligent accounting.

31.    In response to paragraph number 31, Defendants deny that they are subject to any agreement made during the Bankruptcy Proceeding that Plaintiff's account was only $85,000.00 in pre-petition arrearages. Defendants deny any remaining allegations.

32.    In response to paragraph number 32, Defendants deny that they are subject to any agreement made during the Bankruptcy Proceeding that Defendants' claim was only $85,000.00 in pre-petition arrearages. Defendants deny any remaining allegations.

33.    In response to paragraph number 33, Defendants deny that Plaintiff has suffered such damages as a result of Defendants' alleged conduct. Defendants deny any remaining allegations.

34.    In response to paragraph number 34, Defendants deny Plaintiff is entitled to the relief requested.

### D. Estoppel

35.    In response to paragraph number 35, no response is necessary.

36.    In response to paragraph number 36, Defendants deny these allegations to the extent that they are inconsistent with controlling Texas law or otherwise involve a legal conclusion.

37.    In response to paragraph number 37, Defendants deny that they are subject to any agreement made during the Bankruptcy Proceeding that Defendants' claim was only $85,000.00 in pre-petition arrearages. Defendants deny any remaining allegations.

38.    In response to paragraph number 38, Defendants deny Plaintiff is entitled the requested relief. Defendants deny the remaining allegations.

### ATTORNEY FEES

39.     In response to paragraph number 39, Defendants deny Plaintiff is entitled to the relief requested.

### CONDITIONS PRECEDENT

40.     In response to paragraph number 40, Defendants deny the allegations.

### PRAYER FOR RELIEF

41.     In response to all paragraphs under the section titled "Prayer," Defendants deny the allegations and deny Plaintiff is entitled to the relief requested.

## II.    AFFIRMATIVE DEFENSES

42.     Plaintiff fails to allege facts sufficient to state any cause of action against Defendants upon which relief can be granted.

43.     Plaintiff's claims are barred, in whole or in part, as Plaintiff has failed to mitigate her damages.

44.     Defendants are not liable for Plaintiff's damages, if any, because Defendants' conduct at all times complied with, or were in good-faith conformity with, all applicable contracts, laws, and regulations.

45.     Plaintiff's damages, if any, were not proximately caused by any act or omission on the part of Defendants.

46.     Plaintiff's claims are barred, in whole or in part, by equitable subrogation.

47.     Plaintiff's claims are barred, in whole or in part, by offset.

48.     Plaintiff's claims are barred, in whole or in part, by unjust enrichment.

49.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, ratification, and/or estoppel.

50.     Defendants reserve the right to assert such other additional defenses that may subsequently become known and/or available to Defendants.

### III. COUNTERCLAIM

#### FACTUAL BACKGROUND

51.     On or about September 8, 2006, Dorman executed a promissory note in the principal amount of $190,000.00 payable to New Century Mortgage Corporation ("Original Lender") as the lender on a loan (the "Loan") secured by the property located at 100 Ascot Drive, Southlake, Texas 76092 (the "Property"), more particularly described as:

> LOT 1, BLOCK 2, OF CHAPEL DOWNS, AN ADDITION TO THE CITY OF SOUTHLAKE, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET A, SLIDE 386, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS.

A true and correct copy of the Note is attached as Exhibit 1 and incorporated by reference herein

52.     Concurrently with the execution of the Note, Dorman executed a Texas Home Equity Security Instrument (the "Security Instrument"), a true and correct copy of which is attached as Exhibit 2 and incorporated by reference herein. The Security Instrument is recorded in the real property records of Tarrant County, Texas, instrument no. D206296193. The Note and Security Instrument are collectively referred to as the "Loan Agreement."

53.     Dorman agreed in the Security Instrument that Deutsche Bank is subrogated to all prior liens against the Property. Dorman further agreed in the Security Instrument that Deutsche Bank is entitled to collect its attorney's fees and costs incurred due to Deutsche Bank's participation in any legal action required to preserve and protect Deutsche Bank's security interest in the Property.

54.     The Loan refinanced a prior loan secured by a valid lien on the Property. The prior loan, in principal amount of $85,000.00, was made to Dorman by Specialty Mortgage Corporation,

as evidenced by a promissory note dated May 19, 2005 (the "Prior Loan"). The Prior Loan was secured by a Deed of Trust dated May 19, 2005, granted by Dorman for the benefit of Specialty Mortgage Corporation (the "Prior Lien"), a true and correct copy of which is attached as Exhibit 3.

55.    Proceeds from the Loan in the amount of $89,486.82 paid off the Prior Loan.

56.    Deutsche Bank is the current legal owner and holder of the Note and the mortgagee of the Security Instrument.

FIRST CAUSE OF ACTION—EQUITABLE LIEN SUBROGATION

57.    Paragraphs 51–56 are incorporated by reference for all purposes.

58.    Pursuant to the Federal Declaratory Judgment Act, Deutsche Bank seeks a declaration that it is equitably subrogated to the rights of prior creditors who held valid liens on the Property because Deutsche Bank and/or its predecessors' funds discharged the Prior Lien on the Property.

59.    The Prior Lien was a valid lien which existed against the Property and was discharged with funds borrowed from Original Lender at closing. The lien was paid in full and was paid by Original Lender not as a volunteer, but in order to protect its rights in the collateral and secure a first position lien against the Property. Deutsche Bank would further show that Dorman would be unjustly enriched in the amount of $89,486.82 if Deutsche Bank's lien is declared void or forfeiture of principal and interest is otherwise awarded to Dorman and Deutsche Bank is not granted an equitable lien against the Property with rights of offset.

60.    Accordingly, Deutsche Bank seeks a declaration that it has an equitable lien and is equitably subrogated to the Prior Lien, including the following amounts: (i) $89,486.82, which is the amount of the valid Prior Lien which was discharged, (ii) interest on the $89,486.82 balance since September 8, 2006, at the same rate as the interest rate applicable to the debt that was secured

by the Prior Lien, *see* TEX. FIN. CODE § 302.002, (iii) all unrecovered advances for ad valorem taxes on the Property since September 8, 2006, including but not limited to over $39,000 paid in 2020 alone for tax years 2018 and 2019, and (iv) all other unrecovered advances made with respect to the Property pursuant to the Security Instrument since September 8, 2006. Deutsche Bank further requests a declaration that any recovery by Dorman in this action is offset by the foregoing amounts. Finally, Deutsche Bank seeks a judgment establishing said equitable lien and rights of offset.

SECOND CAUSE OF ACTION—BREACH OF CONTRACT

61.    Paragraphs 51–56 are incorporated by reference for all purposes.

62.    Plaintiff and Deutsche Bank entered into the Security Agreement, which constitutes a valid and enforceable agreement under Texas law.

63.    Pursuant to the terms of the Security Agreement, Plaintiff agreed to pay Deutsche Bank all amounts due under the Note, including "taxes and assessments and other items which can attain priority over [the Security Agreement] as a lien or encumbrance on the Property." *See* Ex. 2 at p. 5.

64.    Plaintiff breached the Security Agreement by failing to pay amounts due for property taxes assessed against the Property, including but not limited to over $39,000 paid in 2020 alone for tax years 2018 and 2019. In fact Plaintiff has failed to make any payments on the loan, including required escrow payments, for several years.

65.    As a result of Plaintiff's breach of the Security Agreement, Deutsche Bank has suffered actual damages due to Plaintiff's failure to remit payments due and owing under the Note.

66.    All conditions precedent to Plaintiff's performance have been performed or have occurred.

### THIRD CAUSE OF ACTION—QUANTUM MERUIT/UNJUST ENRICHMENT

67.     Paragraphs 51–56 are incorporated by reference for all purposes.

68.     Defendants are entitled to recovery for quantum meruit to prevent unjust enrichment.

69.     Defendants advanced funds for taxes on the Property, including but not limited to over $39,000 paid in 2020 alone for tax years 2018 and 2019.

70.     Plaintiff accepted the benefit of Defendants advancing funds for taxes on the Property.

71.     Plaintiff was aware Defendants expected compensation for advancing funds for taxes on the Property, but failed to repay Defendants, causing Defendants to suffer actual damages.

72.     Defendants are entitled to recover actual damages, pre- and post-judgment interest, costs of court, and reasonable attorney's fees.

### FOURTH CAUSE OF ACTION—FORECLOSURE

73.     Paragraphs 51–56 are incorporated by reference for all purposes.

74.     PHH, as current mortgage servicer for Deutsche Bank, the current legal owner and holder of the Note and the mortgagee of record, has the right to enforce the Loan Agreement. Defendants have fully performed their obligations under the Loan Agreement; however, Plaintiff breached the Loan Agreement and defaulted under it by failing to substantially perform material obligations required under its terms, including the payment of amounts due under the Note and Security Instrument.

75.     Pleading in the alternative, Defendants are entitled to foreclose under Deutsche Bank's equitable subrogation rights.

76.     Defendants seek a judgment declaring they are entitled to foreclose on the Property

in accordance with the Security Instrument, the Texas Constitution, and Texas Property Code Chapter 51, their rights of equitable subrogation, or, alternatively, a judgment for judicial foreclosure.

77.     Defendants have been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of Plaintiff's failure to comply with the Loan Agreement. Defendants are therefore entitled to and seek judgment against Plaintiff for their reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Loan Agreement. Defendants seek an award of attorney's fees as a further obligation on the Loan Agreement and not as a money judgment against Plaintiff personally.

78.     All conditions precedent to Defendants' right to enforce the Loan Agreement and to obtain the relief requested herein have been performed or have occurred.

### REQUEST FOR ATTORNEY'S FEES

79.     Deutsche Bank is entitled to recover its attorney's fees because Dorman agreed in the Security Instrument that Deutsche Bank is entitled to recovery of attorney's fees if Deutsche Bank is required to participate in a legal action in order to protect Deutsche Bank's security interest in the Property.

### PRAYER

Defendants pray the Court enter a judgment in this action denying Dorman all requested relief. In the alternative, should the Court determine that the lien of Deutsche Bank is invalid under applicable law or that Dorman is otherwise entitled to forfeiture of principal and interest paid, Defendants pray that this Court grant Defendants judgment establishing an equitable lien on the Property and offset any recovery by Dorman in the amount of the Prior Lien which was discharged by funds from the Loan closing, plus interest. Defendants also request that, upon final hearing, the

Court enter a judgment against Plaintiff allowing Defendants to proceed with foreclosure in accordance with the Loan Agreement and Texas Property Code Chapter 51, or, alternatively, judicial foreclosure, plus their interest and attorney's fees and costs of suit. Defendants further pray that upon final hearing, the Court enter judgment in favor of Defendants and against Plaintiff as requested above, including, but not limited to the following:

    (a) Actual, consequential, incidental and special damages in the amount determined to have been sustained by Defendants;

    (b) Costs and expenses of this lawsuit, including reasonable attorneys' fees incurred by Defendants;

    (c) Pre-judgment and post-judgment interest on all monetary relief sought herein at the highest rates allowed by law; and

    (d) Such other and further relief, both at law and in equity, to which Defendants may be justly entitled.

Dated: September 2, 2020                    Respectfully submitted,

*/s/ Kyle A. Owens*
**Kyle A. Owens**
Attorney in Charge
Texas State Bar No. 24046573
kowens@dykema.com
**Amelia H. Marquis**
Texas State Bar No. 24097512
amarquis@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 4200
Dallas, Texas 75201
(214) 462-6453
(855) 256-1482 FAX

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all

counsel of record on September 2, 2020, in compliance with the Federal Rules of Civil Procedure.

*/s/ Kyle A. Owens*
Kyle A. Owens