## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **DIANNE DORMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:19-cv-00592-P** |
| | § | |
| **PHH MORTGAGE CORPORATION** | § | |
| **AND DEUTSCHE BANK** | § | |
| **NATIONAL TRUST COMPANY, AS** | § | |
| **TRUSTEE FOR SECURITIZED** | § | |
| **ASSET BACKED RECEIVABLES** | § | |
| **LLC TRUST 2007-NC1, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Dianne Dorman brought this action to stop foreclosure. Dorman failed to

make her April 2010 mortgage payment, and over the last decade, has still not made it.

Instead, Dorman filed for bankruptcy three times and, after all were dismissed, sued her

mortgagee and mortgage servicers, Defendants, to further delay. After more than 18

months of pre-trial proceedings, Defendants filed a summary-judgment motion, seeking to

dismiss Dorman's claims and foreclose on the house. ECF No. 72. Having now considered

both parties' arguments, the Court concludes that Dorman's claims are devoid of merit and

that Defendants are entitled to foreclosure. Accordingly, Defendants' motion for summary

judgment will be **GRANTED**.

## BACKGROUND

In 2005, Dorman bought the house at 100 Ascot Drive, Southlake, Texas. Pl.'s 2nd Amend. Comp't at ¶¶ 6, 7, ECF No. 40. She purchased the house with a note and deed of trust. *Id.* About a year after buying the house, she refinanced her house with New Century Mortgage Corporation. Defs.' MSJ App'x at 1. In 2009, MERS, on behalf of New Century, transferred the lien to defendant Deutsche Bank, as the trustee for a securitized asset-backed receivable. *Id.* at 130. Ocwen Loan Servicing had serviced the mortgage, but beginning in 2019, PHH MC, Ocwen's successor in interest, has been the servicer. *Id.* at 24.

Despite living in the house continuously since 2005, Dorman last paid Defendants a full mortgage payment in March 2010. Defs.' MSJ App'x at 31. Although she has paid Defendants over the past decade, she is well behind on her note and owes Defendants additional money for advancing her property taxes. Defs.' MSJ App'x at 24. Dorman has spent considerable time and money delaying foreclosure. In 2013, she filed for bankruptcy; it was dismissed. Defs.' MSJ Supp. App'x at 2. She filed again in 2014; it too was dismissed. *Id.* at 4. And showing persistence, she tried again in 2016. Like the other filings, it was dismissed. *Id.* at 6. Following the dismissal, the 141st District Court of Tarrant County, Texas ordered that Defendants could proceed with foreclosure. Defs.' MSJ App'x at 164–65.

But before the scheduled foreclosure, Dorman filed this suit in Texas state court. Defs.' Notice of Removal, Ex. 2, ECF No. 1-3. Defendants removed the case to this Court.[1] Dorman's complaint has been amended twice and survived a motion to dismiss. It makes two claims. First, Dorman claims the refinance note violates the Texas Constitution's requirement that loan close at least a day after the borrower receives the loan documents. Pl.'s 2nd Amend. Comp't, at ¶ 22–23. Second, although couched in different legal garb, she claims Defendants breached a bankruptcy settlement's terms. *Id.* at ¶¶ 29–38. Defendants counterclaimed for non-payment and foreclosure.

After lengthy pre-trial proceedings, Defendants filed this motion for summary judgment. ECF No. 72. The Court has considered the motion, Dorman's response, and all related briefs and appendixes. The motion is now ripe.

## SUMMARY-JUDGMENT STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[1] Although this case was lawfully removed to federal court, the Court must seriously question the wisdom of it being litigated in federal court versus state court. This is a simple mortgage dispute; it does not involve any weighty issue of federal law mandating that it be settled in the clogged dockets of this division. Having been a state trial judge in Tarrant County, Texas and an appellate justice on the Second Texas Court of Appeals in Fort Worth, the undersigned is exceedingly confident that this case would have been resolved much more quickly and efficiently and to the benefit of all parties had it merely remained to be decided by our good state judges and juries in Tarrant County. *See* FEDERALIST NO. 17 (Alexander Hamilton) (writing as "Publius") (stating that "the ordinary administration of criminal and civil justice" would be left to the states under our Constitution); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 122 n. 32 (1984) (When federal courts must rule on state claims, their construction of state law can be "uncertain and ephemeral."). "Justice delayed . . . is often justice denied." *Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 286 (N.D. Tex. 1988) (en banc).

as a matter of law." FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts

are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine dispute

as to any material fact exists "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine

dispute as to any material fact by informing the court of the basis of its motion and by

identifying the portions of the record which reveal there are no genuine material fact issues.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must

decide all reasonable doubts and inferences in the light most favorable to the nonmovant.

*See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot

make a credibility determination in light of conflicting evidence or competing inferences.

*Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed

allegations such that "reasonable minds could differ as to the import of the evidence," the

motion for summary judgment must be denied. *Id.* at 250.

## ANALYSIS

Defendants' motion argues two points. *First*, Dorman's claims are without merit

and should be dismissed. And *second*, Defendants have shown as a matter of law their

entitlement to foreclosure. The Court addresses both points.

### A.      Dorman's claims are meritless and dismissed.

Dorman's Second Amended Complaint contains five claims. Her first two claims

arise from an alleged violation of the Texas Constitution. But Dorman cites no evidence

supporting this claim and, at the relevant time, the allegedly violated section wasn't even

law. Her next two claims arise from an alleged settlement agreement from Dorman's third bankruptcy. But binding precedent precludes enforcing agreements from a dismissed bankruptcy. Finally, since Dorman's claims all fail, her attorneys' fees claim likewise fails.

    1.  <u>The Texas Constitution was not violated.</u>

Dorman claims the underlying note and lien are void *ab initio* because New Century violated the Texas Constitution by closing her loan the same day she received certain disclosures. Pl.'s 2nd Amend. Comp't at ¶¶ 22–23. The Texas Constitution requires a mortgage to close at least "one business day after the date that the owner of the homestead receives a copy of the loan application if not previously provided and a final itemized disclosure of the [closing costs]." TEX. CONST. art. XVI, § 50(a)(6)(M)(ii).

The evidence, however, undisputedly shows otherwise. While Dorman cites no evidence supporting her bald allegation, Defendants cite numerous examples of Dorman acknowledging that she received the disclosure the day before closing. *See e.g.* Defs.' MSJ App'x at 137, 138. The Court also judicially notices Dorman's Texas Home Equity Affidavit filed in the Tarrant County Real Property Records, document number D206296194, which explicitly states that her "Note and Security Instrument have not been signed before one business day after the date that [Dorman] received a final itemized disclosure of the [closing costs]. . . ." Moreover, this requirement was added to the Texas Constitution in 2007—one year *after* Dorman closed on her note. "As a general rule, changes in the Texas Constitution do not have retroactive effect." Leopold & Breyer, 39 TEX. PRAC., MARITAL PROPERTY AND HOMESTEADS § 25.8 (Nov. 2020 update) (citing TEX. CONST. art. I, § 16). Thus, this whole argument rest on a flawed foundation.

Consequently, Dorman's argument is meritless. This argument supported her claims to quiet title and for declaratory relief. Accordingly, Defendants' motion for summary judgment on these two claims is **GRANTED**, and those claims are **DISMISSED**.

2. The Court cannot enforce the bankruptcy agreement.

Dorman next asserts claims for negligent accounting and equitable estoppel, but both depend on an alleged agreement made during Dorman's third Chapter 13 bankruptcy proceeding. In that proceeding, Deutsche Bank filed a Notice of Agreed Resolution of Objection to Confirmation. Pl.'s MSJ App'x at 115, ECF No. 81-1. This and later filings appear to show an agreed settlement between the parties for $85,000. But that Chapter 13 bankruptcy was not confirmed. The bankruptcy court later dismissed it without prejudice, ordering that "all debts due and owing to creditors as of this date are **NOT DISCHARED** or affected in any manner by this Order." *Id.* at 128 (emphasis in original).

The bankruptcy court's dismissal dissolved all agreements from the bankruptcy. *See In re Oparaji*, 698 F.3d 231, 237–38 (5th Cir. 2012). "Under 11 U.S.C. § 349(b), the pre-discharge dismissal of a bankruptcy case returns the parties to the positions they were in *before* the case was initiated." *Id.* (cleaned up). According to the Fifth Circuit, "a Chapter 13 plan [is] an exchanged for bargain between the debtor and the debtor's creditors." *Id.* at 238 (cleaned up). A dismissal of a Chapter 13 bankruptcy without a discharge evidences that that debtor broke his agreement. *Id.* Thus, he cannot later enforce agreements made within the bankruptcy and "cannot convincingly argue that equity is on his side." *Id.* As a result, the Court will not enforce the alleged agreement.

Without that agreement, Dorman's negligent-accounting and equitable-estoppel claims fail. Moreover, the economic-loss rule bars these claims too. *See Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014). The "economic loss rule generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy." *Id.* That rule knocks out both of Dorman's claims, which essentially seek to enforce the bankruptcy agreement's expected deal.

For these reasons, the Court concludes that Defendants' motion for summary judgment regarding Dorman's claims for negligent accounting and equitable estoppel are **GRANTED** and those claims are **DISMISSED**.

3.  Attorney's Fees

Since all her claims have been dismissed, Dorman's request for attorney's fees is **DENIED**.

**B.     Defendants are entitled to foreclosure.**

Defendants counterclaimed that Dorman's missed payments constitute a breach of the note that entitles them to foreclosure. Defs.' Ans. & CC at ¶¶ 73–78, ECF No. 55. To obtain an order for foreclosure, a security interest holder must demonstrate that: "(1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) [the borrowers] are in default under the note and security instrument; and (4) [the borrowers] received notice of default and acceleration." *Weeks v. Green Tree Servicing LLC*, No. 4:15-CV-00588-O-BP, 2017 WL 4325797, at *7 (N.D. Tex. Sept. 11,

2017) (quoting *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014)).

In their motion for summary judgment, Defendants detail Dorman's missed payments and their compliance with applicable foreclosure procedures. Dorman's summary-judgment response fails to address or dispute any of these facts or arguments. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) ("We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts*.") (emphasis in original). Moreover, the 141st District Court of Tarrant County, Texas has already determined that the Defendants are entitled to foreclosure. Defs.' MSJ App'x at 164–65. As a result, Defendants counterclaim for foreclosure is **GRANTED**.

## CONCLUSION

For the reasons above, the Court concludes that Defendants' motion for summary judgment (ECF No. 72) should be and hereby is **GRANTED**. Accordingly, Dorman's claims are **DISMISSED with prejudice**. Further, Defendants' motion for summary judgment on its claim for foreclosure is **GRANTED**.

It is therefore **ORDERED** that Defendants submit a proposed final judgment consistent with this Order by **April 14, 2021**. Plaintiff may file any objections to Defendants' proposed final judgment by **April 21, 2021**.

      **SO ORDERED** on this **31st day** of **March, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE