# EXHIBIT 1

**Smith, Caryl**

---

| | |
|---|---|
| **From:** | Owens, Kyle |
| **Sent:** | Tuesday, April 6, 2021 2:47 PM |
| **To:** | Pittman_Orders@txnd.uscourts.gov |
| **Cc:** | preston@pjdlawfirm.com; cjevans@pjdlawfirm.com; notifications@lanelaw.com; chip.lane@lanelaw.com; Joshua Gordon; Marquis, Amelia; Bryant, Lina; Smith, Caryl |
| **Subject:** | Case No. 4:19-cv-00592-P, Dorman v. Ocwen Loan Servicing LLC |
| **Attachments:** | 4840-1968-6372.1 - Dorman - Proposed Final Judgment.docx |

| Tracking: | Recipient | Delivery |
|---|---|---|
| | Pittman_Orders@txnd.uscourts.gov | |
| | preston@pjdlawfirm.com | |
| | cjevans@pjdlawfirm.com | |
| | notifications@lanelaw.com | |
| | chip.lane@lanelaw.com | |
| | Joshua Gordon | |
| | Marquis, Amelia | Delivered: 4/6/2021 2:47 PM |
| | Bryant, Lina | Delivered: 4/6/2021 2:47 PM |
| | Smith, Caryl | Delivered: 4/6/2021 2:47 PM |

Good afternoon,

Attached in Word is Defendants' Proposed Final Judgment.

Best regards,
Kyle Owens

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **DIANNE DORMAN,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | |
| **PHH MORTGAGE CORPORATION** § | **CASE NO. 4:19-cv-00592-Y** |
| **AND DEUTSCHE BANK NATIONAL** § | |
| **TRUST COMPANY, AS TRUSTEE FOR** § | |
| **SECURITIZED ASSET BACKED** § | |
| **RECEIVABLES LLC TRUST 2007-NC1,** § | |
| **MORTGAGE PASS-THROUGH** § | |
| **CERTIFICATES, SERIES 2007-NC1,** § | |
| **AND DEUTSCHE BANK SECURITIES** § | |
| **INC.,** § | |
| **Defendants.** § | |

## FINAL JUDGMENT

This Final Judgment is issued pursuant to Federal Rules of Civil Procedure 57 and 58, and 28 U.S.C. § 2201. In accordance with the Order Granting Defendants' Motion for Summary Judgment (ECF No. 88):

It is **ORDERED, ADJUDGED, and DECREED** that Plaintiff Dianne Dorman's claims are **DISMISSED with PREJUDICE.**

It is further **ORDERED, ADJUDGED and DECREED** that an event of default has occurred on that certain Texas Home Equity Note executed by Plaintiff on or about September 8, 2006, in the original principal amount of $190,000.00 payable to the order of New Century Mortgage Corporation (the "Note"). Plaintiff has failed to make payments required under the Note, is in breach of the Note and the Deed of Trust, as defined below, and remains in default.

It is further **ORDERED, ADJUDGED and DECREED** that that certain Texas Home Security Instrument, dated September 8, 2006, signed by Dianne Dorman and recorded as

1

document number D206296193 in the real-property records of Tarrant County, Texas (the "Deed of Trust"), secures to Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-NC1, Mortgage Pass-Through Certificates, Series 2007-NC1 ("Deutsche Bank"), as the current holder of the Note and mortgagee of the Deed of Trust, repayment of the debt evidenced by the Note and the other loan documents, through a first-lien security interest in and power of sale of that certain real property commonly known as 100 Ascot Dr., Southlake, Texas 76092 (the "Property"), and more particularly described as follows:

> LOT 1, BLOCK 2, OF CHAPEL DOWNS, AN ADDITION TO THE CITY OF SOUTHLAKE, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET A, SLIDE 386, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS.

It is further **ORDERED, ADJUDGED and DECREED** that the Deed of Trust secures repayment of all advances by Defendants Deutsche Bank and PHH Mortgage Corporation and their predecessors in interest on Plaintiff's loan, whether for insurance, property taxes, or otherwise, as well as their costs and expenses incurred enforcing the Note, including but not limited to reasonable attorneys' fees.

It is further **ORDERED, ADJUDGED and DECREED** that due to Plaintiff's default under the Note, Defendants, or their successors or assigns, may foreclose upon the lien created by the Deed of Trust and enforce the Deed of Trust against the Property through non-judicial foreclosure as provided in the Deed of Trust and section 51.002 of the Texas Property Code, or, alternatively, through judicial foreclosure, and recover from the proceeds of sale the full amount of the debt outstanding under the Note, Deed of Trust, and the other loan documents.

Defendants may recover their costs of suit as taxed in this matter from Plaintiff.

The Clerk shall transmit a true copy of this Final Judgment to the parties.

**[REMAINDER OF PAGE BLANK - SIGNATURE FOLLOWS]**

**SO ORDERED** on this ___ day of _____, 2021.

_____

Mark T. Pittman
UNITED STATES DISTRICT JUDGE